# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**BERTHA J. WEEKLY,**                                                          **PETITIONER**

**V.**                                          **NO. 2:98CR0043-GHD**

**UNITED STATES OF AMERICA,**                           **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Bertha Weekly for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government responded to the petition. The petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied .

### Facts and Procedural Posture

The petitioner was indicted April 23, 1998, for conspiring with her son and others to distribute and possess with intent to distribute crack cocaine and for actual possession of crack cocaine with intent to distribute. She was convicted by a jury on both counts and she was sentenced to a term of life imprisonment. She successfully appealed relying upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and was resentenced on April 18, 2002, to a term of life imprisonment. She again perfected an appeal and her conviction and sentence were affirmed.

Weekly filed the present motion on September 30, 2004, asserting two grounds for relief. In her own words, the petitioner argues:

| | |
|---|---|
| Ground One | Petitioner received ineffective assistance of counsel because her attorney was suffering an actual conflict of interest; |
| Ground Two | Petitioner sentence was enhanced by facts not found by a jury but by the judge applying the preponderance of the evidence standard rather than the beyond a reasonable doubt. |

**Discussion**

Ground One

In support of Ground One, the petitioner argues that her attorney, Johnnie Walls, rendered ineffective legal assistance because he was paid by George Bush, a "potential defendant." Further, Weekly suggests that she would have considered cooperating with the Government by providing unfavorable testimony and evidence against Bush in exchange for lenient treatment. Mr. Walls, Weekly contends, failed to negotiate a plea bargain on her behalf because of the fee arrangement. Based on these circumstances, Weekly insists that Mr. Walls had an actual conflict of interest and that prejudice should be presumed. The court does not agree.

After examining a factually indistinguishable case, the Fifth Circuit determined that the payment of attorney fees by a codefendant, by itself does not establish a conflict of interest. *U.S. v. Corona*, 108 F.3d 565, 575 (5th Cir. 1997). In that case, Corona and McDonald were codefendans each represented by different counsel. *Id.* at 575. Corona, while represented by a public defender, hired counsel for McDonald. *Id.* On appeal, McDonald argued the fact that his trial counsel was being paid by Corona created an actual conflict of interest that required a new trial. *Id.* The Fifth Circuit rejected the application of *Cuyler v. Sullivan*, 446 U.S. 335, 349-50, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980), and McDonald's argument. The court explained, "McDonald's attorney had an obligation to pursue only McDonald's interests at trial . . . [t]he fact that Corona paid McDonald's counsel does not mean that he represented Corona." *Id.* at 575. The court also noted that McDonald "could have declined Corona's assistance and accepted appointed counsel if he thought his counsel would be disloyal." *Id.*

The *Corona* rational applies with equally to this case. The mere fact that George Bush paid Walls' fee is not enough to support the finding of an actual conflict. *See also Cabello v. U.S.*, 188 F.3d 871, 876 (7th Cir. 1999) (no conflict of interest where attorney fees were paid by an at large co-

defendant). There is nothing in the record indicating that Walls acted disloyally or ineffectively. Not even Weekly can point to any evidence or omission during trial that would demonstrate Walls performed his duty in a manner inconsistent with Weekly's interests or in such a way as to deflect blame from George Bush.

Moreover, a defendant has no right to a plea bargain; rather, the prosecutor has the discretion to either bargain or go to trial. *U.S. v. Lopez*, 979, F.2d 1024, 1036 (5th Cir. 1992). Weekly has not shown or alleged that the Government was interested in entering into plea negotiations and there would be no guarantee that Weekly's sentence would have been lower as a result of a plea bargain. *See Wolfe v. Dretke*, 116 Fed. Appx. 487, 2004 WL 2538383 at *6 (5th Cir. 2004); *U.S. v. Huddy*, 184 Fed. Appx. 765, 767, 2006 WL 1669882 at *2 (10th Cir. 2006). Counsel's alleged failure to initiate plea negotiations, therefore, does not satisfy the prejudice prong of the ineffective assistance of counsel test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Consequently, the court finds that Weekly's trial counsel did not provide ineffective assistance. To the contrary, the Petitioner was competently represented by her attorney in accordance with the Sixth Amendment. Thus, Ground one is without merit.

Ground Two

In her second argument, the petitioner claims that her sentence was enhanced by facts not found by a jury but by the judge applying the preponderance of the evidence standard rather than the beyond a reasonable doubt. For support of her claim, the petitioner relies on *U.S. v. Blakely*, 540 U.S. 1174, 124 S.Ct. 1493, 158 L.Ed.2d 75 (Feb. 23, 2004), and *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). The Achilles heal of Ground One is that petitioner's conviction and sentence became final well before either *Blakely* or *Booker* was decided.

The court need look no further than the *Booker* opinion to determine that its holding applies only to those cases pending on direct review or not yet final on January 12, 2005. *Booker*, 125 S.Ct. at 769. The Fifth Circuit has also held *Booker* does not apply retroactively to cases on collateral review and therefore, the holding does not apply to an initial 28. U.S.C. § 2255 motion such as the case *sub judice*. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). The petitioner's case and appeal were final long before the January 12, 2005, cutoff date, as the court entered judgment April 23, 2002, and the Fifth Circuit affirmed the petitioner's conviction March 6, 2003. The United States Supreme Court denied *certiorari* on October 23, 2003. As such, the instant case is not one to which *Booker* applies, and the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 shall be dismissed with prejudice.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 14th day of September, 2007.

/s/ Glen H. Davidson
Senior Judge