IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:98-CR-00043-GHD-JMV

BERTHA WEEKLY  DEFENDANT

ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

Presently before the Court is the Defendant's motion to terminate supervised release [Doc. No. 264]. The motion indicates that it is unopposed by both the United States Attorney's Office and by the United States Probation Service. Upon due consideration, the Court shall grant the motion.

In April 1998, the Defendant and others were charged in a two count Indictment [1] with conspiracy to distribute in excess of 50 grams of cocaine base (crack cocaine) and possession with intent to distribute in excess of 5 grams of cocaine base. The Defendant, along with her codefendants, proceeded to trial from December 14 through December 17, 1998, and the jury convicted the Defendant of both counts [86]. On April 2, 1999, the Court sentenced the Defendant to life imprisonment on Count One and 480 months on Count Two, to be served concurrently [113]. The Court later ultimately reduced the Defendant's sentence to 314 months imprisonment, to be followed by a term of supervised release of three years on each of the two counts of conviction, to be served concurrently [261]. The Defendant successfully completed her term of imprisonment, served nearly two years in home detention, and has now successfully completed nearly one-half of her three-year term of supervised release. During this time, the Defendant has successfully complied with all terms of supervised release and has not been the subject of any disciplinary action by the United States Probation Service. Accordingly, the Defendant requests

that this Court terminate her supervised release and remove her from further supervision. The Defendant, through her attorney, avers that the Government and the United States Probation Service have no objection to this motion [264].

"The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000). A defendant may file a motion for early termination of a term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). *See Pepper v. United States*, 562 U.S. 476, 502, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011). A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after consideration of the factors in 18 U.S.C. § 3553. 18 U.S.C. § 3583(e)(1). "The statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

The Defendant maintains that she has fulfilled all the conditions of her supervised release. She further states that she has a stable home environment and regularly attends programs designed to help offenders reintegrate into society at which she speaks and shares her experiences. The Assistant United States Attorney assigned to this case has informed the Court that the Government has no opposition to this motion, and the United States Probation Officer assigned to the Defendant has not indicated any opposition to the early termination of the Defendant's supervised release. Based on all of the foregoing, the Court finds that the Defendant's motion is well taken.

THEREFORE, it is hereby ORDERED that the Defendant Bertha Weekly's motion to terminate supervised release [Doc. No. 264] is GRANTED; the Defendant's supervised release is hereby terminated.

It is SO ORDERED, this, the 10th of May, 2022.

_____
SENIOR U.S. DISTRICT JUDGE